```
1  CATALINA VERGARA (S.B. #223775)
   cvergara@omm.com
2  O'MELVENY & MYERS LLP
   400 South Hope Street, 18th Floor
3  Los Angeles, California 90071-2899
   Telephone:  +1 213 430 6000
4  Facsimile:  +1 213 430 6407

5
   Attorneys for Defendant
6  NFP Retirement, Inc.
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MICHELLE MILLS, COY SARELL, CHAD WESTOVER, BRENT ALESHIRE, BARBARA KERSHNER, PAULA SCHAUB, and JENNIFER SILVA, individually and as representatives of a class of participants and beneficiaries on behalf of the Molina Salary Savings Plan,<br><br>Plaintiffs,<br><br>v.<br><br>NFP RETIREMENT, INC.,<br><br>Defendant. | Case No. 8:22-cv-00994-ODW<br><br>**STIPULATION FOR DISMISSAL WITHOUT PREJUDICE**<br><br>Judge:         Hon. Otis Wright<br>Courtroom:  5D<br>Action Filed:  May 16, 2022 |

# STIPULATION FOR DISMISSAL

Pursuant to Local Rule 7-1 and Federal Rule of Civil Procedure 41(a)(1)(ii), plaintiffs Michelle Mills, Coy Sarell, Chad Westover, Brent Aleshire, Barbara Kershner, Paula Schaub, and Jennifer Silva and Defendant NFP Retirement, Inc. ("NFP") (collectively, the "Parties") hereby stipulate that the present action should be dismissed without prejudice.  The Parties stipulate as follows:

WHEREAS, on March 18, 2022, plaintiffs filed a lawsuit on behalf of the Molina Salary Savings Plan (the "Plan") against Molina Healthcare, Inc. ("Molina"), alleging that Molina violated its fiduciary duties under ERISA. *See Mills, et al. v. Molina Healthcare, Inc.,* Case No. 2:22-cv-01813-ODW-GJS (C.D. Cal. Mar. 18, 2022) ("*Molina*"), ECF No. 1.

WHEREAS, on May 6, 2022, the Court in *Molina* issued an Order substantially denying the *Molina* parties' Stipulation Regarding Filing of First Amended Complaint, on the ground that the Stipulation did not meet the requirements of C.D. Cal. L.R. 15-1 to the extent it sought the Court's leave to amend, and noting that "[t]he provision of Rule 15 allowing for amendment 'with the opposing party's written consent' does not appear to apply because Plaintiffs seek to add new defendants as opposing parties." *Molina*, ECF No. 29 at 1 & n.1 (quoting Fed. R. Civ. P. 15(a)(2)).

WHEREAS, on May 13, 2022, plaintiffs filed a consent motion for leave to amend their Complaint in *Molina*, including to add NFP as a defendant. *Molina*, ECF No. 30.

WHEREAS, on May 16, 2022, the Court in *Molina* ordered that the Motion for Leave to Amend be stricken without prejudice to re-filing an amended motion, on the ground that plaintiffs were required to "either (1) file a motion and schedule a hearing date or (2) file a jointly signed stipulation, including, if necessary, an electronic signature attestation under Central District Local Rule 5-4.3.4(a)(2)." *Molina*, ECF No. 32.

1  WHEREAS, also on May 16, 2022, plaintiffs re-filed their motion for leave to amend with a scheduled hearing date, again seeking to add NFP as a defendant, and that motion is pending. *Molina*, ECF No. 33.

WHEREAS, also on May 16, 2022, plaintiffs brought the present suit on behalf of the Plan against NFP for alleged breach of fiduciary duties under ERISA in relation to the Plan's offering of the funds at issue in *Molina*. *See* Compl., ECF No. 1.

WHEREAS, on May 25, 2022, after the present suit was related to the *Molina* case and transferred to this Court, *see* ECF No. 13, the Court issued an Order to Show Cause noting the possibility "that allowing amendment in *Molina* would generate a set of claims that are duplicative of claims in this case," and directing plaintiffs to explain "why this action should not be dismissed without prejudice upon the granting of the Motion for Leave to Amend in *Molina* and the filing of the First Amended Complaint in that Case." ECF No. 14 at 2.

WHEREAS, on June 3, 2022, plaintiffs filed a response to the Court's Order to Show Cause stating that "it was necessary to file a new action against NFP to preclude any argument that the events of May 16, 2016 were subject to repose," ECF No. 15 at 4, and that dismissal of this action would be appropriate if NFP were to "waive any argument that the relevant date for limitations purposes is the date the Court grants leave to amend and the First Amended Complaint is formally filed, rather than the date of the motion for leave to amend," *id*. at 2.

WHEREAS, NFP has stated "that it will not argue that claims asserted against NFP in Molina accruing on or after May 16, 2016 are untimely because the complaint amendment was not permitted until after May 16, 2022," ECF No. 17, and that it "is willing to stipulate that the date of filing of plaintiffs' First Amended Complaint in *Molina* would be deemed to be May 16, 2022 if the Court in *Molina* grants plaintiffs' leave to amend," ECF No. 27.

WHEREAS, NFP consents to the filing of the proposed amended complaint in *Molina*, to the extent the Court finds that NFP is an "opposing party" in *Molina* within the meaning of Fed. R. Civ. P. 15(a)(2).

WHEREAS, if NFP is added as a defendant in *Molina*, the Parties have agreed that they will stipulate in that matter that plaintiffs' claims against NFP shall be deemed to have been filed on May 13, 2022.

**NOW, THEREFORE, IT IS HEREBY AGREED AS FOLLOWS:**

1. This action shall be dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), without prejudice to refiling if the Court denies joinder of NFP as a defendant in *Molina*.

2. If plaintiffs refile a complaint asserting claims and factual allegations against NFP that are substantively identical to those in this action, the parties shall stipulate that the refiled complaint shall be deemed to have been filed on the date this action was originally filed (May 16, 2022) for purposes of any statute of limitations or repose.

Dated: July 15, 2022         By:   */s/ Catalina Vergara*
                                         Catalina Vergara

                             CATALINA VERGARA
                             O'MELVENY & MYERS LLP

                             Attorneys for Defendant
                             NFP RETIREMENT, INC.

Dated: July 15, 2022         By:   */s/ Jerome J. Schlichter*
                                         Jerome J. Schlichter

                             JEROME J. SCHLICHTER
                             SCHLICHTER BOGARD AND
                             DENTON, LLP

                             Attorneys for Plaintiffs

1    I, Catalina Vergara, attest that all other signatories listed, and on whose
2 behalf the filing is submitted, concur in the filing's content and have authorized the
3 filing.

Dated: July 15, 2022          By:    */s/ Catalina Vergara*
                                     Catalina Vergara

CATALINA VERGARA
O'MELVENY & MYERS LLP

Attorneys for Defendant
NFP RETIREMENT, INC.